UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **OMEGA PROTEIN CORPORATION** | : | **DOCKET NO. 2:06-cv-1283** |
| **V.** | : | **JUDGE MINALDI** |
| **LEXINGTON INSURANCE COMPANY and RSUI INDEMNITY COMPANY** | : | **MAGISTRATE JUDGE WILSON** |

**MEMORANDUM RULING**

Currently before the court is Omega's Motion to Compel [doc. 25]. By this motion, Omega seeks to have the court order the defendants to produce reserve information relating to Omega's insurance claims. Omega seeks to obtain the reserve information to help it establish its claims for payment under its policies and for bad faith failure to pay. Lexington and RSUI oppose this motion on the grounds that the reserve information is not relevant and that it is subject to a propriety privilege.

Omega is the nation's largest producer of Omega-3 fish oil and fish meal. It maintains processing facilities in Abbeville and Cameron, Louisiana; Moss Point, Mississippi, and Reedville, Virginia. Lexingtion issued Omega a commercial property insurance policy covering, *inter alia*, the properties held in Louisiana and Mississippi. The policy included a per occurrence property damage limit of $7.5 million and covered all risks of direct physical loss, including flood. The flood coverage in the policy had an annual aggregate limit of $7.5 million in coverage. RSUI issued a policy of excess commercial property insurance to Omega, covering, *inter alia*, the properties held in Louisiana and Mississippi. The excess policy included a per occurrence property damage limit

of $97,343,000.00 for all risks of direct physical loss, excluding damage or loss caused by flood or earthquake.

Omega's facilities in Moss Point, Mississippi sustained physical and structural damage in 2005 as a result of Hurricane Katrina. Omega's facilities in Abbeville and Cameron, Louisiana sustained physical and structural damage in 2005 as a result of Hurricane Rita. Omega has made claims for coverage under its insurance policies for the damage sustained. Omega contends that the damage suffered by it exceeds the policy limits of the insurance policy issued by Lexington[1] but that Lexington has refused to pay more than $2 million dollars on each of its claims. Omega claims that Lexington and its adjuster, GAB, were aware that Omega's losses exceeded the policy limits but that Lexington refused to properly adjust and pay under its primary policy for both claims. Omega also claims that RSUI failed to adequately investigate the claims made by Omega. Omega filed this lawsuit against its insurers seeking to recover under the policies issued by both Lexington and RSUI. In this lawsuit, Omega has asserted claims of bad faith against both defendants.

## LAW AND ANALYSIS

The issue before the court is whether the reserve information sought by Omega is discoverable.[2] Discovery in federal court is governed by Fed.R.Civ.P. Rule 26. Rule 26(b)(1) provides in pertinent part as follows:

> **(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
> **(1) In General**. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . . Relevant information need

---

[1] Omega states that its adjuster submitted reports to both Lexington and RSUI which estimated that the damage caused to Omega's facilities by wind exceeded $45 million.

[2] The court does not address or decide whether the information sought by Omega in discovery would be admissible at a trial on the merits.

>not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

In accordance with this Rule, the court's will employ a two-pronged approach to determine whether to allow the discovery of reserve information. First, the court must determine whether the information sought it privileged. If not, the court must determine whether the reserve information is relevant. *American Medical Systems, Inc. v. National Union Fire Insurance Company of Pittsburgh, Inc.*, 1999 WL 781495 (E.D. La. 1999).

*1. Privilege*

A review of the privilege logs submitted by Lexington reveals that Lexington has withheld or redacted information from status reports submitted to it by its independent adjuster, GAB, on the grounds of "proprietary privilege" and relevance. *See* Omega Exhibit A. The privilege log contains no claim of attorney-client privilege or work-product privilege with respect to these documents. The other privilege log submitted by Lexington indicates that the status reports or communications containing reserve information were also withheld or redacted on the grounds of "proprietary privilege" and relevance. *See* Omega Exhibit C.[3]

A review of the privilege log submitted by RSUI reveals that RSUI has withheld or redacted information from production to Omega on the grounds of relevance and proprietary information. *See* Omega Exhibit E.[4]

---

[3] There are some document on this log to which Lexington has asserted an attorney-client privilege, to wit, LEX2003, LEX2116, LEX2137, LEX2292, LEX2363, LEX2366, LEX2373, LEX2385-2386, LEX2513-2514, LEX2515-2516, LEX2517-2518, LEX2519-2521. However, it does not appear that the Motion to Compel is directed at these communications, and this ruling will not address these claims of attorney-client privilege or require the disclosure of these documents.

[4] RSUI has asserted an attorney-client privilege with respect to documents 1 & 2 on its privilege log. However, it does not appear that the Motion to Compel is directed at these communications, and this ruling will not address these claims of attorney-client privilege or require the disclosure of these documents.

To the extent that these documents contain proprietary information, Omega has offered to enter into a confidentiality agreement or protective order in order to protect any proprietary information. Because it is possible to protect any proprietary information in such a manner, the defendants' objection on the basis of "proprietary privilege" is not sufficient to protect the requested documents from discovery.

*2. Relevance*

Because the court finds that the documents which Omega seeks are not protected from discovery on the basis of privilege, the court must determine whether the requested documents are relevant to the issues raised in the lawsuit.

As stated above, Omega has brought claims of bad faith against both Lexington and RSUI. Nevertheless, Lexington and RSUI argue that the reserve information sought by Omega is not relevant because they are required by statute to set a reserve and that such information could be prejudicial to them if presented to a jury. However, as stated above, this court is deciding the discoverability of the documents at issue, not the admissibility of these documents and/or information at trial. Having considered the arguments of all parties and the relevant case law, this court finds that the reserve information sought by Omega is discoverable as it may demonstrate or lead to admissible evidence with respect to the thoroughness with which Lexington and RSUI have investigated and considered Omega's property damage claims. *Culbertson v. Shelter Mutual Insurance Co.*, 1998 WL 743592 (E.D. La. 1998)[5]; *First National Bank of Louisville v. Lustig,* 1993 WL 411377 (E.D. La. 1993); *American Medical Systems, Inc.*,1999 WL 781495, *3.

---

[5]The decision in *Shelter Mutual Insurance Co. v. Culbertson Limited, Inc.*, 1999 WL 539520 (E.D. La. 1999), cited by Lexington addresses the admissibility of reserve information in the context of a Motion in Limine.

For these reasons, it is

ORDERED that the Motion to Compel [doc. 25] be GRANTED and that Lexington and RSUI produce, within five (5) calendar days, the redacted reserve information relating to Omega's claims.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, February 15, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE